**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3061
_____

DAPHNE R. CHANDLER,
                              Appellant

v.

UNIVERSITY OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-05127)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Filed: May 20, 2014)
_____

OPINION
_____

PER CURIAM

        Daphne R. Chandler appeals pro se from the District Court's order dismissing her

amended civil rights complaint.  We will affirm.

I.

In 2012, Daphne R. Chandler filed a pro se complaint in the United States District Court for the Eastern District of Pennsylvania, which she later amended.[1]  In the complaint as amended, Chandler claimed that the University of Pennsylvania ("the University") engaged in discriminatory hiring practices in violation of 42 U.S.C. § 1981. In particular, she asserted that (1) she applied for a post-doctoral fellowship within the University's Positive Psychology Center ("the Center"); (2) her application and supporting materials demonstrated that she was qualified for the position; (3) she had been informed by an unidentified University staff member that she possessed "strong qualifications"; (4) she was the sole African-American candidate; and (5) the University's Affirmative Action and Equal Opportunity Programs Office informed her that "one of the finalists [for the position] was a 'Caucasian' male, and that the other finalist may or may not have been a female whose race may or may not have been Caucasian."

The University filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Chandler failed to present a prima facie case of race discrimination.  The University asserted that Chandler's application materials did not demonstrate her experience with "large-scale data sets," as required by the job description.  The District Court granted the defendants' motion to dismiss with prejudice,

_____

[1] The District Court dismissed her initial complaint without prejudice upon the defendant's motion to dismiss for failure to state a claim.

finding that Chandler's application materials did not demonstrate that she was qualified for the position. Chandler timely appealed from the District Court's order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the District Court's dismissal of Chandler's claim pursuant to Rule 12(b)(6). See Dique v. N.J. State Police, 603 F.3d 181, 185, 188 (3d Cir. 2010). "We will affirm a district court's dismissal for failure to state a claim only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 772 (3d Cir. 2013) (internal quotation marks omitted). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000). For the following reasons, we will affirm.

## III.

Claims brought under 42 U.S.C. § 1981 are generally evaluated according to the burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999). Under the McDonnell Douglas framework, Chandler bore the initial burden of establishing a prima facie case of a § 1981 violation by showing that (1) she is a member of a protected class; (2) she is qualified for the position; (3) she was not hired for that position; and (4) the University failed to hire her under circumstances giving rise to "an

inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class." See id. at 410-11.[2]

We agree with the District Court that Chandler failed to establish a prima facie case of discrimination in violation of § 1981. The job description published by the University asked for candidates to submit a curriculum vitae ("CV"), two-page statement of interest, and at least three references, and it specified that experience with "large-scale data sets using advanced statistics" was required. Although Chandler conceded that "her experience with 'large-scale data using advanced statistics' is not readily apparent from the CV," she asserted that the publications she submitted as supplements to her application adequately demonstrated her skills. Chandler further argued that she had spoken with a University staff member who told her that she had not been hired for the position "despite [her] strong qualifications." She also detailed a meeting she had with the University's Affirmative Action and Equal Opportunity Programs Office, during which she was informed that she was the only African-American candidate for the fellowship, that the Center had made the hiring decision based on a review of all candidates' CV's and statements of interest, that the Center determined that Chandler did not possess the requisite qualifications for the fellowship, and that the "candidate

---

[2] If she had succeeded in establishing a prima facie case of unlawful discrimination, the burden would then have shifted to the University to "articulate some legitimate, nondiscriminatory reason" for her termination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Chandler would then have had an opportunity to prove by a preponderance of the evidence that the legitimate reason for her termination offered by the defendants was a pretext for unlawful discrimination. See Jones v. Sch. Dist. of

4

selections were made without regard to race or ethnicity." Because neither her CV nor her statement of interest demonstrated that she possessed the requisite experience with "large-scale data sets," Chandler did not establish that she was actually qualified for the position.

We will therefore affirm the District Court's order dismissing Chandler's amended complaint with prejudice.

Phila., 198 F.3d 403, 410 (3d Cir. 1999).